JUDGE PHILIP MARTINEZ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED
2008 SEP 26 PM 3:47
CLERK
WESTERN DISTRICT COURT
OF TEXAS
BY _____
DEPUTY

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** ) | |
| **COMMISSION,** ) | |
| ) | **CIVIL ACTION NO.** _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | **C O M P L A I N T** |
| ) | |
| **54 Downtown, Inc.** ) | |
| Defendant. ) | JURY TRIAL DEMAND |
| ) | EP08CV0374 |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide relief to Crystal Aguilar. Plaintiff, Equal Employment Opportunity Commission, alleges that Defendant, 54 Downtown, Inc., violated Title VII by terminating the employment of Crystal Aguilar based on her sex, female, because of her pregnancy.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1), 706(f)(3) and 701(k) of Title VII, 42 U.S.C. §§2000e-5(f)(1), 2000e-5(f)(3) and 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a .

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the El Paso Division of the United States District Court for the Western District of Texas.

PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of El Paso, and has continuously had at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting interstate commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§§2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Crystal Aguilar filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    On or about May 26, 2007, Defendant engaged in unlawful employment practices in violation of Sections 703(a)(1) and 701(k) of Title VII, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §§2000e-2(a)(1) and 2000e(k) at its night club, Studio 69, by terminating the employment of Crystal Aguilar based on her sex, female, because of her pregnancy.

8.    The result of the foregoing practices has been to deprive Crystal Aguilar of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex under Title VII.

2

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Crystal Aguilar.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of pregnancy.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Crystal Aguilar, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Crystal Aguilar, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement, or front pay in lieu thereof.

D.    Order Defendant to make whole Crystal Aguilar by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 7 above, including but not limited to pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.

E.    Order Defendant to pay Crystal Aguilar punitive damages for its malicious

3

conduct or reckless indifference to Crystal Aguilar's federally protected rights, as described in paragraphs 7 and 10 above, in an amount to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public interest.

      G.      Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

             Respectfully submitted,

             RONALD S. COOPER
             General Counsel

             JAMES L. LEE
             Deputy General Counsel

             GWENDOLYN YOUNG REAMS
             Associate General Counsel

             *with permission for*
             ROBERT A. CANINO
             Regional Attorney
             Oklahoma State Bar No. 011782

             *with permission for*
             TOBY W. COSTAS
             Supervisory Trial Attorney
             Texas State Bar No. 04855720

             LETICIA DOMINGUEZ
             Trial Attorney
             Texas State Bar No. 00795741

             EQUAL EMPLOYMENT OPPORTUNITY
             COMMISSION

             El Paso Area Office

4

300 E. Main, Suite 500
El Paso, Texas 79901
Telephone: (915) 534-6676
Facsimile: (915) 534-6701